UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHERIF M. IBRAHIM,<br><br>   Plaintiff,<br><br>v.<br><br>MARRIOT HOTELS, INC.,<br><br>   Defendant. | Case No. 3:15-cv-01147<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Newbern |

To:   The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

This case has been referred to the Magistrate Judge to dispose or recommend disposition of pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 3.) Although this lawsuit was filed on November 2, 2015, pro se Plaintiff Sherif M. Ibrahim has yet to effect service of process, despite having received two extensions of the time in which to do so. The case has been dormant on the Court's docket for more than a year. The Magistrate Judge therefore RECOMMENDS, consistent with Federal Rules of Civil Procedure 4(m), 41(b), and this Court's Local Rule 41.01(a), that this lawsuit be DISMISSED WITHOUT PREJUDICE.

**I.     Background**

Ibrahim paid the civil filing fee and brought this lawsuit on November 2, 2015, alleging that Gaylord Entertainment Co. violated Title VII of the Civil Rights Act of 1964 when it terminated him from his position as a banquet captain at Gaylord Opryland Nashville. (Doc. No. 1, PageID# 1, 5.) Ibrahim is Egyptian and alleges that he was discriminated against based on his national origin. (*Id.* at PageID# 5.) He claims that he was the only banquet captain who was forced

to sign a document waiving the right to ask for a day off and that he was censured for speaking in Arabic to another Egyptian employee. (*Id.* at PageID# 5.) Ibrahim alleges that, even though he had not received any disciplinary write-ups since becoming a banquet captain, his termination letter cited his "many disciplinary actions" as one of the reasons for ending his employment. (*Id.* at PageID# 6.) Ibrahim states that he knows of four other banquet captains who were not fired, despite having "7 to 9 serious disciplinary actions related to job performance and misconduct and ste[a]ling time." (*Id.*) Ibrahim seeks an order from the Court directing Gaylord to re-employ him. (*Id*. at PageID# 4.)

In a July 18, 2016 order, the Court noted that, eight months after filing his action, Ibrahim had not yet effected service of process. (Doc. No. 6, PageID# 23.) The Court informed Ibrahim of his obligation under Federal Rule of Civil Procedure 4(m) to effect timely service and warned him that the Court must dismiss any claims against a defendant who is not timely served. (*Id.*) The Court ordered Ibrahim to show good cause why this action should not be dismissed without prejudice due to his failure to comply with Rule 4(m). (*Id.*)

Ibrahim responded on July 27, 2016 by filing a motion for a sixty-day extension of the time to effect service of process in which he stated that he was "not familiar with the service rules." (Doc. No. 9, PageID# 27.) The Court granted the motion on August 19, 2016, giving Ibrahim until September 26, 2016 to complete service of process. (Doc. No. 11.)

On November 9, 2016, Ibrahim informed the Court that he had learned that Gaylord was now managed by Marriott hotels and asked that the defendant's name be changed to "Marriott Hotels Inc." (Doc. No. 14, PageID# 35.) The Court granted the motion on September 13, 2017, directing the Clerk to issue a summons for Defendant Marriott Hotels, Inc., and granting Ibrahim

2

an additional sixty days to serve that defendant. (Doc. No. 15, PageID# 38.) Ibrahim has not filed anything with the Court since his November 9, 2016 motion. (Doc. No. 14.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 4(c) provides that a summons must be served with a copy of the complaint on every defendant to an action and that such service must occur within the time allowed by Rule 4(m), which is 90 days from the time the complaint is filed. Fed. R. Civ. P. 4(c), 4(m). However, if a plaintiff can show good cause for failing to effect service within the period allowed by Rule 4(m), the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 6(b)(1) (allowing extension of procedural deadlines for good cause). Even when a plaintiff has not shown good cause, the Court may exercise its discretion to permit late service. *See* Fed. R. Civ. P. 4(m) advisory committee's note to the 1993 amendment ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"); *see also Stewart v. Tenn. Valley Auth.*, No. 99-5723, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000) (citing *Henderson v. United States* 517 U.S. 654, 662 (1996))*.* Regardless of when service is made, a plaintiff must show that service has been effected. Fed. R. Civ. P. 4(l)(1).

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) does not abrogate the power of courts, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to

3

enter a *sua sponte* order of dismissal.") (citing *Link*, 370 U.S. 626). Consistent with *Link*, Local Rule 41.01(a) authorizes the Court to summarily dismiss a civil suit that has "been pending for an unreasonable period of time without any action having been taken by any party . . . ." M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay).

In determining whether dismissal under Rule 41(b) is appropriate, the Court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2011)). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). The Sixth Circuit has cautioned that dismissal with prejudice is a "harsh sanction" that should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161. Dismissal without prejudice is "a comparatively lenient sanction" for which the "controlling standards should be greatly relaxed because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R. Inc.*, 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

### III.   Analysis

Although the Court has discretion to further extend the deadline for proper service of process and proof of it, doing so would not be appropriate here. Fed. R. Civ. P. 4(m), 4(l)(3). Ibrahim's employment discrimination claim would likely be found time-barred if it were refiled;[1]

---

[1]   Ibrahim's right-to-sue letter from the Equal Employment Opportunity Commission is dated August 7, 2015. (Doc. No. 1-1, PageID# 7.)

4

that factor weighs in favor of a further discretionary extension. *See Overbay*, 2017 WL 1377374, at *5. No other factor does. This lawsuit was filed almost three years ago and any further extension of the service period is undoubtedly "significant." *Id.* Further, there is no indication that Marriott has ever received actual notice of the lawsuit. *See id.* Finally, Ibrahim has not made diligent efforts to effect service—Ibrahim has not filed anything in this lawsuit in almost two years. It would be inappropriate for the Court to grant Ibrahim a third extension to effect and prove proper service in the absence of any indication from him that he wants that outcome. The Court's July 18, 2016 order warned Ibrahim of its obligation to sua sponte dismiss his claims against an unserved defendant if he failed to effect timely service. (Doc. No. 6, PageID# 23.) Dismissal is therefore warranted under Rule 4(m). Fed. R. Civ. P. 4(m).

Dismissal is also warranted under Rule 41(b) and Local Rule 41.01(a). There is no evidence that bad faith motivates Ibrahim's failure to prosecute his lawsuit, but he is "at fault for failing to comply with the Court's Orders." *Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017). Ibrahim twice failed to serve Marriott by the deadlines that the Court set (Doc. Nos. 11, 15), even after being warned that failure to do so could result in dismissal of his case (Doc. No. 6). Further, the two years that this action has been pending without any action from Ibrahim certainly constitutes an unreasonable delay under Local Rule 41.01(a). M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay).

Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits," *Muncy*, 110 F. App'x at 557 n.5; *Mulbah*, 261 F.3d at 591, and is the appropriate sanction in this case. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is

applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal"). Dismissal without prejudice best addresses the interests of this litigation.

**IV.    Recommendation**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that this lawsuit be DISMISSED WITHOUT PREJUDICE.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 10th day of December, 2018.

.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge